# In re Susan Kirkpatrick

[523 A.2d 1251]

No. 85-357

Present: **Allen, C.J., Hill, Peck and Gibson, JJ.,
and Barney, C.J. (Ret.), Specially Assigned***

Opinion Filed February 13, 1987

*Katherine A. Hayes*, Bennington County Public Defender, Bennington, for Plaintiff-Appellant.

*Jeffrey L. Amestoy*, Attorney General, Montpelier, *Michael O. Duane*, Assistant Attorney General, and *Barbara L. Crippen*, Administrative Legal Assistant (On the Brief), Waterbury, for Defendant-Appellee.

**Allen, C.J.** This is an appeal from a decision by the Human Services Board dismissing an appeal by appellant from a denial by the Department of Social and Rehabilitation Services (SRS) of

---

* Justices Hill and Gibson were present at the hearing in this matter but did not participate in the decision.

funding for private counseling sessions. Appellant's children were found to be "in need of care and supervision," 33 V.S.A. § 654, and placed in custody of SRS. The case plan submitted to the court by SRS pursuant to 33 V.S.A. § 655 included a condition that appellant obtain counseling. Appellant applied to SRS for payment of counseling fees, and her application was denied.

An appeal to the Human Services Board (Board) led to a dismissal of appellant's claim. The Board held that it lacked subject matter jurisdiction to address appellant's appeal, concluding that the juvenile court had "exclusive jurisdiction" under 33 V.S.A. § 633. The sole question before this Court is whether the Board erred in determining that it lacked subject matter jurisdiction. We conclude that it did err, and reverse and remand.

■ ■ An applicant denied assistance, benefits or social services from SRS may file a request for a fair hearing with the Board, and must be granted an opportunity for a fair hearing. 3 V.S.A. § 3091(a). The juvenile court, which has "exclusive jurisdiction over all proceedings concerning any child who is or who is alleged to be . . . a child in need of care or supervision . . . .," 33 V.S.A. § 633(a), may accept or reject recommendations in a case plan, *In re G. F.*, 142 Vt. 273, 281, 455 A.2d 805, 809 (1982), but may not "substitute its personal judgment for that of an administrative agency authorized by the legislature to make decisions in the first instance." *Id.* Appellant's claim, although related to the case plan, was not "a proceeding" over which the juvenile court had exclusive jurisdiction. 33 V.S.A. § 633(a). The question of appellant's eligibility for assistance to obtain counseling was properly before the Board after her claim was denied by SRS.

*Reversed and remanded to the Human Services Board for a hearing to determine appellant's eligibility for the relief requested.*